**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHRN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| K.G., a Minor, by and through | ) | |
| his Parents and Next Friends, CELESTINA | ) | |
| COLEMAN and ANTHONY GILBERT; and | ) | |
| CELESTINA COLEMAN, Individually, and | ) | |
| ANTHONY GILBERT, Individually; | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA; | ) | |
| LAWNDALE CHRISTIAN HEALTH CENTER, | ) | |
| an Illinois Corporation; LINDSAY | ) | |
| MCCRACKEN, PA-C; BLUE ISLAND | ) | |
| HOSPITAL COMPANY d/b/a | ) | |
| METROSOUTH MEDICAL CENTER, an Illinois | ) | |
| corporation; AURORA EMERGENCY | ) | |
| ASSOCIATES, LTD., an Illinois corporation; | ) | |
| KATIE THOMPSON, D.O.; US ACUTE CARE | ) | |
| SOLUTIONS, an Ohio corporation; | ) | |
| MELISSA O'KEEFE, PA-C; and | ) | |
| MONICA A. BESZKA, M.D.; | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COME the Plaintiffs, K.G., a Minor, by and through CELESTINA COLEMAN and

ANTHONY GILBERT, as Parents and Next Friends; and CELESTINA COLEMAN, Individually;

and ANTHONY GILBERT, Individually; by and through their attorneys, SALVI, SCHOSTOK &

PRITCHARD P.C., and complaining of the Defendants, state as follows:

**JURISDICTION AND VENUE**

1.      This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq*.

2.      The Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually, have complied with Section 2675(a) of the Federal Tort Claims Act, and have exhausted their administrative remedies before filing this suit.

3.      On July 23, 2019, the Plaintiffs filed an administrative claim with the United States Department of Health & Human Services ("HHS") for medical care that resulted in significant injuries to K.G.

4.      On August 6, 2019, HHS acknowledged the Plaintiffs' claim and requested supplemental documentation of the claim. (See Acknowledgement Letter, attached as Exhibit A.)

5.      On September 10, 2019, Plaintiffs provided HHS with the requested documentation.

6.      Plaintiffs have not received denial of the administrative claim from HHS; however, the six month time period for investigation of the claim has expired.

7.      The Plaintiffs have elected to file suit against the USA and its affiliates in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 2401(b).

8.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b), in which the District Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

9.      Venue is proper under 28 U.S.C. § 1391(b) because all of the acts and omissions forming the basis of the claim occurred in the Northern District of Illinois.

10.     On or about November 26, 2018, and at all times material, Lawndale Christian Health Center ("LCHC") was a healthcare facility located in the City of Chicago, County of Cook, State of Illinois, receiving grant money from the United States Public Healthcare Service, pursuant to 42 U.S.C. § 233, as well as being the employer of various physicians, physician assistants, and healthcare workers.

11.     On or about November 26, 2018, and at all times material, Lindsay McCracken, PA-C ("McCracken") was an agent, servant, and/or employee of LCHC and USA.

12.     Defendant, USA, has been deemed the employer of LCHC and McCracken, pursuant to 42 U.S.C. § 233, for FTCA purposes only.

## GENERAL ALLEGATIONS

13.     On or around November 24, 2018 through November 26, 2018, and at all times material, Celestina Coleman and Anthony Gilbert lived in Blue Island, Cook County, Illinois.

14.     Celestina Coleman and Anthony Gilbert are the parents of K.G.

15.     K.G. was born on October 15, 2015.

16.     On November 24, 2018, and at all times material, Blue Island Hospital Company was an Illinois corporation, licensed to do business in Illinois, operating a hospital as MetroSouth Medical Center ("MetroSouth"), located at 12935 South Gregory Street, Blue Island, Illinois, 60406.

17.     On or around November 24, 2018, and at all times material, MetroSouth provided certain facilities, including but not limited to, an emergency department that treated pediatric patients, including K.G.

18.     On or around November 24, 2018, and at all times material, MetroSouth held itself out to the general public to be a provider of medical and hospital services.

19.     On or around November 24, 2018, and at all times material, MetroSouth employed certain personnel, including but not limited to, physicians, physician assistants, nurses, and other hospital personnel, who provided emergency medical services to patients, including K.G.

20.     On or around November 24, 2018, and at all times material, Melissa O'Keefe. was a physician assistant, licensed in the State of Illinois.

21.     On or around November 24, 2018, O'Keefe held herself out to K.G. and the general public to be a physician assistant, treating patients in the emergency department of MetroSouth, under the supervision of a physician.

22.     On or around November 24, 2018, and at all times material, O'Keefe provided treatment to K.G. while in the emergency department of MetroSouth.

23.     On or around November 24, 2018, O'Keefe was an employee and agent of Blue Island Hospital Center, and treating patients at MetroSouth.

24.     On or around November 24, 2018, and at all times material, O'Keefe was an employee and agent of Blue Island Hospital Center d/b/a MetroSouth acting within the scope of her employment during the treatment of K.G.

25.     On or around November 24, 2018, and at all times material, O'Keefe was an apparent agent of MetroSouth.

26.     On or around November 24, 2018, and at all times material, US Acute Care Solutions ("USACS") was an Ohio corporation, licensed to do business in Illinois, with a primary place of business located at 4535 Dressler Road NW, Canton, Ohio, 44718.

27.     On or around November 24, 2018, and at all times material, USACS held itself out to the general public to be a provider of emergency medicine and hospital services.

28.     On or around November 24, 2018, and at all times material, USACS employed certain personnel, including physician assistants, who provided emergency medicine and hospital services to patients, including K.G.

29.     On or around November 24, 2018, and at all times material, O'Keefe was an employee and agent of USACS.

30.     On or around November 24, 2018, and at all times material, O'Keefe was an employee and agent of USACS acting within the scope of her employment.

31.     On or around November 24, 2018, and at all times material, Katie Thompson, D.O. was a physician licensed to practice medicine in the State of Illinois.

32.     On or around November 24, 2018, Dr. Thompson held herself out to K.G. and the general public to be a specialist in emergency medicine.

33.     On or around November 24, 2018, Dr. Thompson was an employee and agent of Blue Island Hospital Center, and treating patients at MetroSouth.

34.     On or around November 24, 2018, and at all times material, Dr. Thompson was an employee and agent of Blue Island Hospital Center d/b/a MetroSouth acting within the scope of her employment.

35.     On or around November 24, 2018, and at all times material, Dr. Thompson was an apparent agent of MetroSouth.

36.     On or around November 24, 2018, and at all times material, Aurora Emergency Associates, Ltd. ("AEA") was an Illinois corporation, licensed to do business in Illinois, with its registered address located at 801 Adlai Stevenson Drive, Springfield, Illinois, 62703.

37.     On or around November 24, 2018, and at all times material, AEA held itself out to the general public to be a provider of emergency medicine and hospital services.

38.     On or around November 24, 2018, and at all times material, AEA employed certain personnel, including physicians, who provided emergency medicine and hospital services to patients, including K.G.

39.     On or around November 24, 2018, and at all times material, Dr. Thompson was an employee and agent of AEA.

40.     On or around November 24, 2018, and at all times material, Dr. Thompson was an employee and agent of AEA acting within the scope of her employment.

41.     On or around November 24, 2018, and at all times material, Dr. Thompson was the attending physician overseeing the care of K.G. while in the emergency department of MetroSouth.

42.     On or around November 24, 2018, and at all times material, Dr. Thompson provided medical care and treatment to K.G. while in the emergency department of MetroSouth.

43.     On or around November 24, 2018, and at all times material, Dr. Thompson was the attending physician responsible for supervising physician assistants who cared for K.G. while in the emergency department of MetroSouth.

44.     On or around November 24, 2018, and at all times material, Dr. Thompson was the attending physician responsible for supervising O'Keefe in her care of K.G. while in the emergency department of MetroSouth.

45.     On or around November 24, 2018, and at all times material, Monica Beszka, M.D. ("Dr. Beszka") was a physician licensed to practice medicine in the State of Illinois.

46.     On or around November 24, 2018, Dr. Beszka held herself out to K.G. and the general public to be a specialist in emergency medicine.

47.     On or around November 24, 2018, Dr. Beszka was an employee and agent of Blue Island Hospital Center, and treating patients at MetroSouth.

48.     On or around November 24, 2018, and at all times material, Dr. Beszka was an employee and agent of Blue Island Hospital Center d/b/a MetroSouth acting within the scope of her employment.

49.     On or around November 24, 2018, and at all times material, Dr. Beszka was an apparent agent of MetroSouth.

50.     On or around November 24, 2018, and at all times material, Dr. Beszka was overseeing the care of K.G. while in the emergency department of MetroSouth.

51.     On or around November 24, 2018, and at all times material, Dr. Beszka provided medical care and treatment to K.G. while in the emergency department of MetroSouth.

52.     On or around November 24, 2018, and at all times material, Dr. Beszka was the physician responsible for supervising physician assistants who cared for K.G. while in the emergency department of MetroSouth.

53.     On or around November 24, 2018, and at all times material, Dr. Beszka was the physician responsible for supervising O'Keefe in her care of K.G. while in the emergency department of MetroSouth.

54.     On or around November 24, 2018, K.G. was brought to the emergency department of MetroSouth by his mother, Celestina Coleman.

55.     On or around November 24, 2018, K.G. was treated by O'Keefe at MetroSouth.

56.     On or around November 24, 2018, K.G. was treated by Dr. Thompson at MetroSouth.

57.     On or around November 24, 2018, K.G. was treated by Dr. Beszka at MetroSouth.

58.     On or around November 24, 2018, K.G. presented to the emergency department of MetroSouth with reports of a fever, onset of three days prior; headache; and eye signs and symptoms, onset of three days prior.

59.     On or around November 24, 2018, while in the emergency department of MetroSouth, K.G.'s measured heart rate was 150 bpm.

60.     On or around November 24, 2018, while in the emergency department of MetroSouth, K.G.'s measured blood pressure was 134/72.

61.     Repeat testing was not done to assess K.G.'s blood pressure before discharge.

62.     No testing was done in the emergency room of MetroSouth to address K.G.'s eye signs and symptoms.

63.     O'Keefe, Dr. Beszka, and Dr. Thompson did not chart regarding K.G.'s behavior or mental status.

64.     A neurological exam was not performed on K.G. while in the emergency room of MetroSouth.

65.     On or around November 24, 2018, while in the emergency department of MetroSouth, no further neurological or other testing of K.G. was ordered.

66.     On or around November 24, 2018, O'Keefe, Dr. Beszka, and Dr. Thompson discharged K.G. to home, with diagnoses of ringworm and fever, and instructions to follow up with pediatrician.

67.     On or around November 26, 2018, K.G. was brought to LCHC by his mother, Celestina Coleman.

68.     On or around November 26, 2018, K.G. was treated by McCracken at LCHC.

69. On or around November 26, 2018, K.G. presented to LCHC with a history of having been seen in the ER at MetroSouth for fever and headache; fever for 4-5 days; increased fussiness; slight cough and cold; and increased swelling to right eye, worsening on that day, with no evidence of eye trauma or discharge.

70. On or around November 26, 2018, McCracken charted that K.G.'s visit was a well-child exam.

71. McCracken did not perform a full eye exam to assess extra-ocular movement of the eye.

72. McCracken did not refer K.G. for neurological testing.

73. McCracken did not refer K.G. for further ophthalmological testing.

74. McCracken did not refer K.G. for a CT scan.

75. McCracken did not refer K.G. to any other medical provider.

76. McCracken did not consult with a physician relative to her examination and diagnoses of K.G.

77. On or around November 26, 2018, McCracken diagnosed K.G. with preorbital cellulitis and prescribed antibiotics and cool compresses for his eye complaints, with instructions to return in 2-3 weeks for exam.

78. On November 28, 2018, Celestina Coleman found K.G. unresponsive at their home.

79. On November 28, 2018, K.G. was rushed to Advocate Christ Hospital.

80. On November 28, 2018, K.G. was diagnosed with septic shock, subdural abscess, subdural and epidural empyema, and sinusitis, requiring emergent, life-saving neurosurgery.

**COUNT I**
**(Medical Negligence)**
**(K.G. v. USA, LCHC, and McCracken)**

NOW COME the Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually; by and through their attorneys, Salvi, Schostok & Pritchard, P.C., and complaining of the Defendants, USA, LCHC and McCracken, state as follows:

1-80.    Plaintiffs restate, reallege, and incorporate all prior paragraphs as paragraphs 1-80 of Count I.

81.    On November 26, 2018, and at all times material, McCracken provided medical treatment as a physician assistant to K.G. at LCHC.

82.    On November 26, 2018, and at all times material, while providing medical care to the Plaintiff, McCracken was doing so as an employee, servant, agent and/or apparent agent of LCHC and the USA.

83.    On November 26, 2018, and at all times material, while providing medical care to the Plaintiff, McCracken had a duty to possess and apply the knowledge and skill that other physician assistants would exercise in the same or similar circumstances.

84.    On November 26, 2018, and at all times material, in derogation of her aforementioned duty, McCracken, individually, and as an employee, servant, agent and/or apparent agent of LCHC and the USA, breached that duty and was negligent in one or more of the following respects:

      a.    Failed to recognize K.G.'s history and complaints of fever and headache, paired with a swollen eye, as signs and symptoms of an emergent intracranial infection;

      b.    Failed to adequately assess K.G.'s extra-ocular eye movements to determine if his condition was pre-septal or post-septal;

      c.    Failed to timely order labs, including CBC and C-reactive protein;

      d.    Failed to consult with a physician concerning her treatment and diagnoses of K.G.;

e. Failed to refer K.G. for additional radiological testing, such as a CT scan of the sinuses and brain; and/or

f. Failed to refer K.G. to a higher level of care.

85. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of the Defendants, USA, LCHC, and McCracken, K.G., a minor, suffered severe, permanent, and irreversible physical damages; is permanently disabled and disfigured; has experienced and will permanently experience untold pain and suffering; has incurred and in the future, will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial bills, and has an impaired or no earning capacity.

86. The Plaintiffs, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiff, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, demands judgment against the Defendants, USA, LCHC, and McCracken.

## COUNT II
### (Family Expense Act)
### (Coleman and Gilbert v. USA, LCHC, and McCracken)

1-86. The Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, re-state, re-allege, and incorporate by reference all prior paragraphs as 1-86 of Count II.

87. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, USA, LCHC, and McCracken, the Plaintiffs, Celeste Coleman and Anthony Gilbert, as parents of the minor Plaintiff, K.G., incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, and other medical and

family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

88.     The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, demand judgment against the Defendants, USA, LCHC, and McCracken.

### COUNT III
**(Medical Negligence)**
**(K.G. v. MetroSouth and Dr. Thompson)**

NOW COME the Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually; by and through their attorneys, Salvi, Schostok & Pritchard, P.C., and complaining of the Defendants, MetroSouth and Dr. Thompson, state as follows:

1-88.   Plaintiffs restate, reallege, and incorporate all prior paragraphs as paragraphs 1-88 of Count III.

89.     While providing emergency medical services to K.G., Dr. Thompson had a duty to possess and apply the knowledge, skill, and care of a reasonably careful emergency medicine physician under the same or similar circumstances.

90.     Dr. Thompson, individually and as an agent, apparent agent and/or employee of MetroSouth, breached her duty and was negligent in treating K.G. in one or more of the following respects:

    a.   Failed to appropriately chart K.G.'s signs and symptoms;

    b.   Failed to adequately assess K.G.'s behavior and mental status;

    c.   Failed to perform a full neurological exam;

d.   Failed to recognize the seriousness of K.G.'s elevated heart rate and elevated blood pressure;

e.   Failed to ask for details regarding eye concerns;

f.   Failed to recognize K.G.'s history and complaints of fever and headache, paired with eye symptoms, as signs and symptoms of an emergent neurological condition;

g.   Failed to order further testing, such as a CT scan;

h.   Failed to consult with a more specialized level of care, such as a neurologist;

i.   Failed to admit K.G. to the hospital; and/or

j.   Failed to supervise a physician assistant.

91.   As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Thompson, individually, and as an agent, apparent agent and/or employee of MetroSouth, K.G., a minor, suffered severe, permanent, and irreversible physical damages; is permanently disabled and disfigured; has experienced and will permanently experience untold pain and suffering; has incurred and in the future, will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial bills, and has an impaired or no earning capacity.

92.   The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiff, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, demands judgment against the Defendants, MetroSouth and Dr. Thompson .

**COUNT IV**
**(Family Expense Act)**
**(Coleman and Gilbert v. MetroSouth and Dr. Thompson)**

1-92.   Plaintiffs re-state, re-allege, and incorporate by reference all prior paragraphs as paragraphs 1-92 of Count IV.

93.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, MetroSouth and Dr. Thompson, the Plaintiffs, Celeste Coleman and Anthony Gilbert, as parents of the minor Plaintiff, K.G., incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, and other medical and family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

94.     The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, demand judgment against the Defendants, MetroSouth and Dr. Thompson.

## COUNT V
### (Medical Negligence)
### (K.G. v. AEA and Dr. Thompson)

NOW COME the Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually; by and through their attorneys, Salvi, Schostok & Pritchard, P.C., and complaining of the Defendants, AEA and Dr. Thompson, state as follows:

1-94.   Plaintiffs restate, reallege, and incorporate all prior paragraphs as paragraphs 1-94 of Count V.

95.     While providing emergency medical services to K.G., Dr. Thompson had a duty to possess and apply the knowledge, skill, and care of a reasonably careful emergency medicine physician under the same or similar circumstances.

96.     Dr. Thompson, individually and as an agent, apparent agent and/or employee of AEA, breached her duty and was negligent in treating K.G. in one or more of the following respects:

      a.  Failed to appropriately chart K.G.'s signs and symptoms;

      b.  Failed to adequately assess K.G.'s behavior and mental status;

      c.  Failed to perform a full neurological exam;

      d.  Failed to recognize the seriousness of K.G.'s elevated heart rate and elevated blood pressure;

      e.  Failed to ask for details regarding eye concerns;

      f.  Failed to recognize K.G.'s history and complaints of fever and headache, paired with eye symptoms, as signs and symptoms of an emergent neurological condition;

      g.  Failed to order further testing, such as a CT scan;

      h.  Failed to consult with a more specialized level of care, such as a neurologist;

      i.  Failed to admit K.G. to the hospital; and/or

      j.  Failed to supervise a physician assistant.

97.     As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Thompson, individually, and as an agent, apparent agent and/or employee of AEA, K.G., a minor, suffered severe, permanent, and irreversible physical damages; is permanently disabled and disfigured; has experienced and will permanently experience untold pain and suffering; has incurred and in the future, will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial bills, and has an impaired or no earning capacity.

98.     The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiff, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, demands judgment against the Defendants, AEA and Dr. Thompson.

## COUNT VI
### (Family Expense Act)
### (Coleman and Gilbert v. AEA and Dr. Thompson)

1-98.    Plaintiff re-states, re-alleges, and incorporates by reference all prior paragraphs as paragraphs 1-98 of Count VI.

99.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, AEA and Dr. Thompson, the Plaintiffs, Celeste Coleman and Anthony Gilbert, as parents of the minor Plaintiff, K.G., incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, and other medical and family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

100.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, demand judgment against the Defendants, AEA and Dr. Thompson.

## COUNT VII
### (Medical Negligence)
### (K.G. v. MetroSouth and O'Keefe)

NOW COME the Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually; by and through their attorneys, Salvi, Schostok & Pritchard, P.C., and complaining of the Defendants, MetroSouth and O'Keefe, state as follows:

1-100.  Plaintiffs restate, reallege, and incorporate all prior paragraphs as paragraphs 1-100 of Count VII.

101.    While providing medical services to K.G., O'Keefe had a duty to possess and apply the knowledge, skill, and care of a reasonably careful physician assistant under the same or similar circumstances.

102.    O'Keefe, individually and as an agent, apparent agent and/or employee of MetroSouth, breached her duty and was negligent in treating K.G. in one or more of the following respects:

  a.  Failed to appropriately chart K.G.'s signs and symptoms;

  b.  Failed to adequately assess K.G.'s behavior and mental status;

  c.  Failed to perform a full neurological exam;

  d.  Failed to recognize the seriousness of K.G.'s elevated heart rate and elevated blood pressure;

  e.  Failed to ask for details regarding eye concerns;

  f.  Failed to recognize K.G.'s history and complaints of fever and headache, paired with eye symptoms, as signs and symptoms of an emergent neurological condition;

  g.  Failed to recommend further testing, such as a CT scan;

  h.  Failed to consult with a physician regarding her examination and diagnoses; and/or

  i.  Failed to consult with a more specialized level of care, such as a neurologist.

103.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of O'Keefe, individually, and as an agent, apparent agent and/or employee of MetroSouth, K.G., a minor, suffered severe, permanent, and irreversible physical damages; is permanently disabled and disfigured; has experienced and will permanently experience untold pain and suffering; has incurred and in the future, will incur, obligations for substantial sums of money

for hospital, medical, nursing, caretaking, custodial bills, and has an impaired or no earning capacity.

104.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiff, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, demand judgment against the Defendants, MetroSouth and O'Keefe.        .

## COUNT VIII
### (Family Expense Act)
### (Coleman and Gilbert v. MetroSouth and O'Keefe)

1-104. Plaintiffs re-state, re-allege, and incorporate by reference all prior paragraphs as paragraphs 1-104 of Count VIII.

105.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, MetroSouth and O'Keefe, the Plaintiffs, Celeste Coleman and Anthony Gilbert, as parents of the minor Plaintiff, K.G., incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, and other medical and family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

106.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, demand judgment against the Defendants, MetroSouth and O'Keefe.

## COUNT IX
### (Medical Negligence)
### (K.G. v. USACS and O'Keefe)

NOW COME the Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually; by and through their attorneys, Salvi, Schostok & Pritchard, P.C., and complaining of the Defendants, USACS and O'Keefe, state as follows:

1-106. Plaintiffs restate, reallege, and incorporate all prior paragraphs as paragraphs 1-106 of Count IX.

107. While providing medical services to K.G., O'Keefe had a duty to possess and apply the knowledge, skill, and care of a reasonably careful physician assistant under the same or similar circumstances.

108. O'Keefe, individually and as an agent, apparent agent and/or employee of USACS, breached her duty and was negligent in treating K.G. in one or more of the following respects:

    a. Failed to appropriately chart K.G.'s signs and symptoms;

    b. Failed to adequately assess K.G.'s behavior and mental status;

    c. Failed to perform a full neurological exam;

    d. Failed to recognize the seriousness of K.G.'s elevated heart rate and elevated blood pressure;

    e. Failed to ask for details regarding eye concerns;

    f. Failed to recognize K.G.'s history and complaints of fever and headache, paired with eye symptoms, as signs and symptoms of an emergent neurological problem;

    g. Failed to recommend further testing, such as a CT scan;

    h. Failed to consult with a physician regarding her examination and diagnoses; and/or

    i. Failed to consult with a more specialized level of care, such as a neurologist.

109. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of O'Keefe, individually, and as an agent, apparent agent and/or employee of USACS, K.G., a minor, suffered severe, permanent, and irreversible physical damages; is

permanently disabled and disfigured; has experienced and will permanently experience untold pain and suffering; has incurred and in the future, will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial bills, and has an impaired or no earning capacity.

110.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiff, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, demand judgment against the Defendants, USACS and O'Keefe.        .

## COUNT X
### (Family Expense Act)
### (Coleman and Gilbert v. USACS and O'Keefe)

1-110. Plaintiffs re-state, re-allege, and incorporate by reference all prior paragraphs as paragraphs 1-110 of Count X.

111.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, USACS and O'Keefe, the Plaintiffs, Celeste Coleman and Anthony Gilbert, as parents of the minor Plaintiff, K.G., incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, and other medical and family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

112.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, demand judgment against the Defendants, USACS and O'Keefe.

**COUNT XI**
**(Medical Negligence)**
**(K.G. v. MetroSouth and Dr. Beszka)**

NOW COME the Plaintiffs, K.G., a Minor, by and through his Parents and Next Friends, Celestina Coleman and Anthony Gilbert, and Celestina Coleman, Individually, and Anthony Gilbert, Individually; by and through their attorneys, Salvi, Schostok & Pritchard, P.C., and complaining of the Defendants, MetroSouth and Dr. Beszka, state as follows:

1-112. Plaintiffs restate, reallege, and incorporate all prior paragraphs as paragraphs 1-112 of Count XI.

113. While providing emergency medical services to K.G., Dr. Beszka had a duty to possess and apply the knowledge, skill, and care of a reasonably careful emergency medicine physician under the same or similar circumstances.

114. Dr. Beszka, individually and as an agent, apparent agent and/or employee of MetroSouth, breached her duty and was negligent in treating K.G. in one or more of the following respects:

a. Failed to appropriately chart K.G.'s signs and symptoms;

b. Failed to adequately assess K.G.'s behavior and mental status;

c. Failed to perform a full neurological exam;

d. Failed to recognize the seriousness of K.G.'s elevated heart rate and elevated blood pressure;

e. Failed to ask for details regarding eye concerns;

f. Failed to recognize K.G.'s history and complaints of fever and headache, paired with eye symptoms, as signs and symptoms of an emergent neurological problem;

g. Failed to order further testing, such as a CT scan;

h. Failed to consult with a more specialized level of care, such as a neurologist;

i. Failed to admit K.G. to the hospital; and/or

     j.   Failed to supervise a physician assistant.

115.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Dr. Beszka, individually, and as an agent, apparent agent and/or employee of MetroSouth, K.G., a minor, suffered severe, permanent, and irreversible physical damages; is permanently disabled and disfigured; has experienced and will permanently experience untold pain and suffering; has incurred and in the future, will incur, obligations for substantial sums of money for hospital, medical, nursing, caretaking, custodial bills, and has an impaired or no earning capacity.

116.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiff, K.G., a minor, through Celestina Coleman and Anthony Gilbert, as Parents and Next Friends, demands judgment against the Defendants, MetroSouth and Dr. Beszka.    .

## COUNT XII
### (Family Expense Act)
### (Coleman and Gilbert v. MetroSouth and Dr. Beszka)

1-116.  Plaintiffs re-state, re-allege, and incorporate by reference all prior paragraphs as paragraphs 1-116 of Count XII.

117.    As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of Defendants, MetroSouth and Dr. Beszka, the Plaintiffs, Celeste Coleman and Anthony Gilbert, as parents of the minor Plaintiff, K.G., incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing, and other medical and family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

118.    The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 (Exhibit B).

WHEREFORE, the Plaintiffs, Celestina Coleman and Anthony Gilbert, Individually, demand judgment against the Defendants, MetroSouth and Dr. Beszka.

Respectfully submitted,

SALVI, SCHOSTOK & PRITCHARD P.C.


s/Heidi L. Wickstrom
One of the Attorneys for the Plaintiffs

Matthew L. Williams  (ARDC# 6256858)
Heidi L. Wickstrom (ARDC #6328082)
SALVI, SCHOSTOK & PRITCHARD P.C.
161 N. Clark Street, Suite 4700
Chicago, IL 60601
(312) 372-1227
(312) 372-3720 - fax
mwilliams@salvilaw.com
hwickstrom@salvilaw.com